# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

ANGELA GUTIERREZ,

        Plaintiff,

v.                                       No. CV 15-00708 WJ/GBW

CORIZON HEALTH, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT

THIS MATTER comes before the Court upon Plaintiff Angela Gutierrez's Motion to Remand to State Court (Doc. 7), filed on August 14, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is not well taken and, therefore, is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff Angelina Gutierrez filed her original complaint in the First Judicial District, County of Santa Fe, on July 15, 2015 against Defendant Corizon Health, Inc., bringing the claim of failure to render proper medical care. As alleged in the original complaint, Ms. Gutierrez was diagnosed with breast cancer in July 2010 and began treatment. From August 2010 until January 2012, Ms. Gutierrez was incarcerated at Otero County Detention Center, which memorialized her diagnosis and treatment in their medical records. Subsequently, in March 2012, Ms. Gutierrez was incarcerated at the New Mexico Women's Correctional Facility. During the intake process, facility staff noted that Ms. Gutierrez had breast cancer. Ms. Gutierrez alleges that

Corizon medical staff examined her and found masses in both breasts, but made no effort to address her health issues despite her requests for additional medical treatment. In June 2013, a mammogram was completed, showing suspicion of active malignancy, but Ms. Gutierrez received no treatment. Between September 2013 and December 2013, Ms. Gutierrez alleges she made further requests for medical treatment. In December 2013, Ms. Gutierrez began receiving medical treatment at the University of New Mexico Hospital. Medical records from the hospital indicated that she had stage III cancer. Plaintiff's Complaint sought relief in the form of past and future medical costs, punitive damages, and compensation for her injuries, pain and suffering, and emotional distress. Plaintiff did not state a dollar value for the damages sought in that pleading.

Defendant Corizon timely removed the case to federal court based on diversity, asserting that pursuant to Plaintiff's complaint allegations, the amount in controversy exceeded $75,000.

## LEGAL STANDARD

Removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000. 28 U.S.C. § 1332. In seeking removal, the removing party has the burden of proving both of these elements. *Huffman v. Saul Holdings, Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

When analyzing a removal based on diversity jurisdiction, the amount in controversy "is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). "Where neither document suffices, the court may also consider other relevant materials in the record." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) (citing *Varela v. Wal-Mart Stores, East, Inc*., 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000)). Where

a state court complaint does not identify a specific amount that the plaintiff seeks to recover, as is the case here, a defendant seeking removal has the burden to prove jurisdictional facts by a "'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (citation omitted). In determining whether there is an adequate amount in controversy, a court may consider materials such as "the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Hanna*, 163 F. Supp. 2d at 1306.

When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiff must show "that it does not appear to a legal certainty that they cannot recover" the jurisdiction amount. *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). Thus, in this case, once Defendant satisfies the general burden of establishing federal jurisdiction, Plaintiff has the burden of showing that it is a legal certainty that they cannot recover $75,000 in order to avoid removal. *See McPhail*, 529 F.3d at 955 (quotation omitted). The legal certainty standard is very strict, and as a result, it is difficult for a dismissal or remand to be premised on the basis that the requisite jurisdictional amount is not satisfied. *See Woodmen*, 342 F.3d at 1217.

DISCUSSION

**I. Motion to Remand**

The Court is persuaded that Defendant has shown that the requisite amount in controversy has been asserted and that federal jurisdiction exists. Plaintiff's Complaint sought

past and future medical costs as a result of her diagnosis of stage III cancer, mastectomy, and a number of other health conditions. Additionally, Plaintiff sought pain and suffering damages, emotional distress damages, and punitive damages. Based on the nature of the illness and the typical medical treatment required, Defendant could plausibly infer that Plaintiff's damages will exceed $75,000. In fact, while liability has yet to be determined, the Court is quite confident that Plaintiff, who has battled and may be still battling stage III breast cancer, could easily present claims for damages far in excess of $75,000.

Plaintiff argues that because there is no averment in the Complaint that addresses the amount sought, Defendant cannot rely on the pleading in establishing the amount in controversy. However, where the Plaintiff does not specify the total amount of damages sought, "the Defendant may rely on an estimate of the potential damages from the allegations in the Complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). Here, Defendant has done just that: relied on the combination of facts and theories of recovery in the Complaint to support removal. *See id.* This conclusion is bolstered by an email Plaintiff sent in reply to Defendant's request to stipulate that the value of their claim was under $75,000. Plaintiff stated that they had "no idea what the value of this case is at this time." In making an amount in controversy determination, the Court may consider a Plaintiff's refusal to stipulate that she is not seeking damages in excess of the requisite amount. *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001).

Plaintiff draws attention to *Fairchild v. Progressive Direct Insurance Company*, Case No. 13-cv-911 KMB/LFG (D.N.M. December 20, 2013) as an example of similar factual circumstances. Yet there, as Plaintiff excerpts in her Motion, the Defendant failed to reference the various categories of damages demanded by Plaintiffs, or to provide any factual predicate

supporting the requisite amount in controversy. Here, by contrast, the Defendant has referenced the categories of damages and provided the factual basis from Plaintiff's Complaint to show that an estimate of the potential damages would exceed the amount in controversy.

Given the nature and substance of these claims and the claim for relief, Defendant has established, by a preponderance of the evidence, the underlying facts necessary to establish federal jurisdiction in this action. In light of the Court's disposition on Plaintiff's Motion to Remand, the Court need not consider Defendant's alternative request that this Court delay its ruling until the completion of limited discovery.

**II. Request for Attorney's Fees**

Plaintiff requests attorney's fees and costs incurred as a result of the removal. However, given Defendant's objectively reasonable basis for removal, an award of attorney's fees and costs is not appropriate.

**III. Request for Jurisdictional Discovery**

Defendant alternatively requests that this Court permit limited jurisdictional discovery to provide additional evidence that Defendant has met its burden in establishing the requisite amount in controversy. Because this Court finds that Defendant has already met this burden, jurisdictional discovery is not necessary.

CONCLUSION

In light of the allegations in the Complaint and the allegations in briefings, Defendant has shown that the requisite amount in controversy has been asserted and that federal jurisdiction exists. The Court therefore finds and concludes that remand in this case is inappropriate and that federal diversity jurisdiction exists over this action.  Accordingly, Plaintiff's Motion to Remand is hereby **DENIED**.

5

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE