IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELINA GUTIERREZ

    Plaintiff,

v.                                                Case No. 2:15-cv-00708-WJ-GBW

CORIZON HEALTH, INC.,

    Defendant.

## AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND COMMON LAW TORTS

Angelina Gutierrez, by and through her counsel of record Garcia Ives Nowara (Matthew L. Garcia and George Bach) hereby brings this Complaint pursuant to the Constitution of the United States, 42 U.S.C. § 1983 and 1988, the New Mexico Tort Claims Act, NMSA 1978, 41-4-1 et. seq.  As grounds for this Complaint, the Plaintiff state as follows.

### INTRODUCTION

This case arises from Corizon Health, Inc.'s failure to provide adequate care to Angelina Gutierrez.  Ms. Gutierrez was diagnosed with breast cancer in 2010.  In March 2012, Ms. Gutierrez began a term of incarceration at the New Mexico Women's Correctional Facility in Grants, New Mexico.  During the intake process, Ms. Gutierrez reported she had breast cancer, and would require treatment.  However, none was provided.  Ms. Gutierrez did not receive any substantive care for her cancer until January 2014.  By the time Ms. Gutierrez received proper medical treatment, she had stage III cancer.  Ms. Gutierrez was required to undergo a mastectomy, and she suffered other serious medical complications.  Ms. Gutierrez now brings this suit seeking damages against Corizon Health, Inc. for failing to provide her with proper care.

**JURISDICTION, VENUE, & PARTIES**

1.      Jurisdiction and venue is proper pursuant to common law, NMSA 1978, § 38-3-1(A) (1988), NMSA 1978, 38-3-1(F) (1988).

2.      Ms. Gutierrez is now, and was at all times material to this Complaint, a resident of New Mexico.

3.      Defendant Corizon Health, Inc. ("Corizon") is a foreign for-profit corporation that provides healthcare services to correctional facilities throughout the state of New Mexico. Corizon maintains an agent for service of process in Santa Fe, New Mexico.  At all times material to this Complaint, Corizon was responsible for the provision of medical care at the New Mexico Women's Correctional Facility ("NMWCF").

4.      By virtue of a contractual relationship with the State of New Mexico to provide medical care to inmates housed at NMWCF, Corizon is a state actor and may be sued for constitutional violations pursuant to 42 U.S.C. § 1983.  West v. Atkins, 487 U.S. 42 (1988); Nieto v. Kapoor, 268 F.3d 1208 (10th Cir. 2001).

**FACTUAL BACKGROUND**

5.      Ms. Gutierrez was initially diagnosed with breast cancer in July 2010, and she began to undergo treatment.

6.      In the months following that diagnosis, Ms. Gutierrez was incarcerated at the Otero County Detention Center ("OCDC") relating to probation violations from August 2011 until January 2012.  During that time, OCDC was aware that Ms. Gutierrez had cancer, and that diagnosis along with treatment were memorialized in the facility's medical records.

7.      On or about March 19, 2012, Ms. Gutierrez was incarcerated at the NMWCF.

8. During the intake process, it was noted by NMWCF staff that Ms. Gutierrez was suffering from breast cancer.

9. In April 2012, Corizon medical staff examined Ms. Gutierrez. During that examination it was discovered that Ms. Gutierrez had masses in both breasts, and that Ms. Gutierrez reported needing to have a lump removed from her breast. Ms. Gutierrez indicated that she required additional treatment.

10. Approximately one month later, in May 2012, Ms. Gutierrez told Corizon staff that she had a mastectomy and that chemotherapy had been recommended. Ms. Gutierrez indicated that the chemotherapy had not been completed due to her incarceration.

11. Although Ms. Gutierrez had repeatedly told Corizon employees she had cancer and that additional treatment would be required, no effort was made to address these health issues. And for nearly two years, Corizon provided no palliative care to Ms. Gutierrez, or sought outside medical assistance to determine whether Ms. Gutierrez required treatment for her cancer.

12. In May 2013, a mammogram was requested. That mammogram was completed three months later on June 4, 2013 at Cibola General Hospital. The mammographic findings were "suspicious for active malignancy" in the right breast. An ultrasound and biopsy was requested.

13. In the weeks that followed, Ms. Gutierrez received no treatment. Indeed, in a medical note dated July 25, 2013, Corizon medical staff wrote: "Pt. had right breast lumpectomy in Alamagordo for breast cancer in 2010. There was no follow up until mammogram was done at Cibola General Hosp. 6-4-2013."

14. On August 5, 2013, in an update to that same medical note, a Corizon doctor said she had finally "reviewed the chart" and that the "June 2012 exam found some suspicious lesions."

15. Although Corizon had evidence that Ms. Gutierrez required immediate medical attention, it did nothing.

16. On September 29, 2013, Ms. Gutierrez submitted a health service request form in which she wrote: "Need my right breast to be checked.  I have a large swollen area and very scared.  Need to have examine[d] immediately."  Still, Ms. Gutierrez was not provided proper medical treatment.

17. On October 27, 2013, Ms. Gutierrez again made a request for medical attention. During examination, Ms. Gutierrez told Corizon staff that her "cancer was back" and she believed her "breast is bleeding internally."

18. On November 26, 2013, Ms. Gutierrez made a request to be seen by medical providers noting, inter alia, her breast was hurting and there had been no improvement in her condition.

19. Finally, beginning in December 2013, more than one and a half years after being incarcerated, Ms. Gutierrez began to receive proper medical care at the University of New Mexico Hospital ("UNMH").

20. Medical records from UNMH show that by the time Ms. Gutierrez finally received quality medical care, she had stage III cancer.  Further, UNMH doctors noted that Ms. Gutierrez's medical care had been delayed.

21.     Because of the delay in care, Ms. Gutierrez required a mastectomy and suffered a number of other health conditions that would have not occurred, or have been less severe, had she timely received treatment for her cancer.

22.     Ms. Gutierrez was released from custody in December 2014.

## STATE LAW CLAIM FOR RELIEF
### Failure to Provide Adequate Medical Care

23.     The Plaintiff incorporates by reference the preceding paragraphs as though they were fully stated herein.

24.     By virtue of its contractual relationship with the State of New Mexico, Corizon is a "public employee" pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F)(7).

25.     Corizon, as the provider for medical services at the NMWCF and all other correctional facilities at which Ms. Gutierrez was housed between March 19, 2012 and December 2014, has a duty to provide proper medical care to incarcerated individuals.

26.     In committing the acts and omissions described above, Corizon breached its duty. In particular, Corizon failed to adequately and properly provide care to Ms. Gutierrez for treatment of cancer.

27.     Corizon's breach of duty was a cause-in-fact of harm to Ms. Gutierrez. Corizon's breach of duty was a proximate cause of harm to Ms. Gutierrez.

28.     Ms. Gutierrez has suffered damages as a result of Corizon's breach of duty.

29.     Given that Corizon knew Ms. Gutierrez had cancer, and given its disregard for her condition, punitive damages are appropriate. Corizon acted recklessly, willfully, wantonly, and in a callous disregard for Ms. Gutierrez's health.

## FEDERAL CONSTITUTIONAL CLAIM
### (Violation of the Eighth Amendment to the United States Constitution)

30. The Plaintiff incorporates by reference the preceding paragraphs as though they were fully stated herein.

31. Corizon is a state actor for purposes of 42 U.S.C. § 1983. West, 487 U.S. 42; Nieto, 268 F.3d 1208.

32. Pursuant to the Eighth Amendment to the United States Constitution, a state actor violates an inmate's clearly established Eighth Amendment rights if it acts with deliberate indifference to an inmate's serious medical needs.

33. Further, a state actor that serves as a gatekeeper for other medical personnel capable of treating a medical condition violates the Eighth Amendment's protections of inmates if it delays or refuses to fulfill that gatekeeper role.

34. Corizon knew that Ms. Gutierrez had been diagnosed as having cancer when she was first incarcerated at NMWCF.

35. Corizon knew of and disregarded an excessive risk—i.e. cancer—to Ms. Gutierrez's health.

36. Corizon's refusal to treat Ms. Gutierrez's potentially fatal cancer is a sufficiently serious deprivation of medical care to constitute a constitutional violation.

37. Corizon did not take the required steps to ensure that Ms. Gonzalez would receive access to medical staff who could treat her cancer.

38. In light of the facts and circumstances presented, Corizon's actions were objectively unreasonable.

39. Corizon exhibited a reckless and callous disregard of, or indifference to, the rights of Ms. Gutierrez.

## RELIEF REQUESTED

Based on the foregoing, the Plaintiff respectfully requests the Court enter judgment as follows:

1. An award of damages against Corizon in an amount that a jury determines is sufficient to compensate Ms. Gutierrez for her injuries;

2. An award of damages against Corizon in an amount that a jury determines is sufficient to compensate Ms. Gutierrez for pain and suffering;

3. An award of damages against Corizon in an amount that a jury determines is sufficient to compensate Ms. Gutierrez for past and future medical costs;

4. An award of damages against Corizon in an amount that a jury determines is sufficient to compensate Ms. Gutierrez for emotional distress;

5. An award of punitive damages against Corizon in an amount that a jury determines is sufficient to deter Corizon and others from acting recklessly, willfully, wantonly, and in a callous and reckless disregard of the health of inmates;

6. Awarding reasonable costs and attorneys' fees incurred in bringing this action and pursuant to 42 U.S.C. § 1988; and

7. Any other relief the Court deems just and proper.

Respectfully submitted,

_____
Matthew L. Garcia
George Bach
Garcia Ives Nowara
924 Second Street NW, Suite A
Albuquerque, NM 87102
Ph: (505) 899-1030
Email: matt@ginlawfirm.com
       george@ginlawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2016 I filed and served the foregoing through the New Mexico Electronic Filing system, which caused all counsel of record to be served by electronic means.

                                     Respectfully submitted,

                                       _____

                                       Matthew L. Garcia